**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

UNITED STATES OF AMERICA                 CASE NO.  1:07cr052

           Plaintiff                 JUDGE BARRETT

   -vs-

TRACY WASHINGTON

           Defendant

**OPINION AND ORDER**

On September 18, 2007, the Court overruled the Defendant's Motion to Suppress Evidence (Doc. 31).  This matter came on for further hearing upon the Defendant's Motion to ReOpen Hearing and for Reconsideration of Motion to Suppress (Doc. 39).  At the subsequent hearing the Court heard testimony from Terrence Washington, the Defendant's brother, who testified the Defendant was living with his uncle, George Young at his apartment at 1906 Elm Street, Cincinnati, Ohio.  He further testified that his brother had keys to the apartment, kept clothes there and purchased food for both himself and his uncle.  George Young, the lawful tenant of the unit and the Defendant's uncle, testified also.  He indicated the Defendant had been living with him (which included staying overnight) and was sleeping on the couch.  He further testified the Defendant assisted in the purchase of groceries for the two of them.  Mr. Young further testified that on the day he was arrested there was a "bit of commotion including yelling between the Defendant and Officer Rock and himself and the Defendant".  Mr. Young stated that he yelled to his nephew to keep other people out of the apartment. Mr. Young further indicated that at all

times relevant hereto, the Defendant had his permission to be in the apartment and to keep custody and control while Mr. Young was in jail.

The picture is somewhat blurred because Officer O'Brien testified that Mr. Young had previously given him a contradictory statement and the Defendant was not listed on any of the rental papers.  However, Mr. Young testified that he did not recall discussing the matter with Officer O'Brien.

The Court's prior ruling turned on the defense's lack of production of evidence as to his standing and expectation of privacy.  "The Defendant has the burden of proof to establish the standing necessary to assert a Fourth Amendment violation". *United States v. Smith*, 263 F.3d 571, 582 (6th Cir. 2001).  The defense has now met that burden and satisfied the two-prong test as set forth in *United States v. Waller*, 426 F. 3d 383, 844 (6th Cir. 2005).[1]   The Defendant has established, at the very least, that he was a frequent overnight guest (*see Minnesota v. Carter*, 525 U.S. 83, 89 (1998)), and that he had a legitimate expectation of privacy.  See *United States v. Talley*, 275 F.3d 560, 563 (6th Cir. 2001) *citing United States v. Sangineto-Miranda*, 859 F.3d 1501, 1510 (6th Cir. 1988).  The Defendant's conduct demonstrated that he sought to preserve something as private and that based upon the totality of the circumstances his expectation of privacy was reasonable.  See, *United States v. Waller*, *supra*.

---

[1]A defendant must satisfy a two-pronged test to show a legitimate expectation of privacy: 1) he must manifest an actual, subjective expectation of privacy; and 2) that expectation is one that society is prepared to recognize as legitimate.  *United States v. Waller*, 426 F. 3d 383, 844 (6th Cir. 2005).

Therefore, in accordance with the foregoing, the Defendant's Motion to Suppress the evidence seized from him at 1906 Elm Street, Cincinnati, Ohio, is hereby GRANTED.

**IT IS SO ORDERED**.

s/Michael R. Barrett
MICHAEL R. BARRETT, Judge
United States District Court